IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY C. FAULKNER, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | CA NO: 22-00480-TFM-C |
| ) | |
| DETECTIVE JONATHAN BUSH and ) | |
| CORPORAL JOHNNY R. THORNTON, JR., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Kimberly Faulkner, who is proceeding without counsel, filed the above-styled action against Defendants Detective Jonathan Bush and Corporal Johnny R. Thornton, Jr. on December 1, 2022. (Doc. 1). She paid the filing fee and discussed service of process with a member of the Clerk's Office. (Doc. 1 and 12/07/2022 Clerk's Entry) Plaintiff Faulkner, however, has failed to submit either a waiver of service or any proof of service as to Defendants within 90 days as required by Rule 4 of the Federal Rules of Civil Procedure. In fact, no action was taken in this case for more than four months.

On March 9, 2023, the Court ordered Plaintiff to show cause, on or before March 23, 2023, why this case should not be dismissed for failure to serve Defendants within the required time period. (Doc. 3). Plaintiff has failed to respond to that Order.

The uncontested facts are that Plaintiff has failed to submit a proof of service or respond to the Court's show cause order.  In addition, it appears that she has

abandoned this action since she has failed to communicate with the Court since December 7, 2023.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Henson v. Walker Cnty.*, 2022 WL 681409, at *2 (N.D.Ala., 2022) (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)). In those instances when a plaintiff fails to timely effect service, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); see also *Anderson v. Osh Kosh B'Gosh*, 255 F. App'x 345, 347 (11th Cir. 2006) (addressing the "standard of review for *sua sponte* dismissals under Rule 4(m)"). The court must give an extension of time for service "if the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). While *pro se* litigants are entitled to a liberal interpretation of their pleadings, their *pro se* status does not excuse procedural mistakes. *Nelson v. Barden,* 145 F. App'x 303, 311 (11th Cir. 2005) (the court "never suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel").

The Court's attempt to discern the reason for Plaintiff's failure to provide proof of service has gone unanswered, leaving the Court with no sufficient basis to extend the time for service or take any action other than to recommend a dismissal of the complaint without prejudice.  For these reasons, the undersigned **RECOMMENDS**

that this case be **DISMISSED without prejudice** for failure to properly serve Defendants within the time proscribed by Federal Rule of Civil Procedure 4(m).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error, if necessary, "in the interest of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 21st day of April, 2023.

                                         s/William E. Cassady
                                       **UNITED STATES MAGISTRATE JUDGE**